UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRIS GILLON AND IRIS GILLON MUSIC'N CELEBRATIONS, LLC D/B/A IGMC, | Hon. Kevin McNulty |
| Plaintiffs, | Civil Action No. 2:12-cv-07558 (KM) (MAH) |
| v. | OPINION |
| EU TING AND JUSTIN ZAMBUTO, | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.**:

This matter comes before the Court upon motion by Plaintiffs Iris Gillon and Iris Gillon Music'n Celebrations, LLC, d/b/a IGMC ("Plaintiffs") to alter or grant relief from a judgment pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60. (Docket No. 18). Plaintiffs seek reconsideration of Judge Cavanaugh's September 24, 2013 Opinion and Order (Docket Nos. 16 and 17) granting the motion to dismiss (Docket No. 4) filed by Defendants Eu Ting and Justin Zambuto ("Defendants"). This matter was reassigned to me on May 5, 2014. Docket No. 23. For the reasons expressed herein, Plaintiffs' motion is **DENIED**.

## I. BACKGROUND

The facts of this matter are described in detail in this Court's September 24, 2013 Opinion, Docket No. 16 (the "Prior Opinion"). I assume familiarity with them.

## II. STANDARD OF REVIEW

### a. Altering or Amending Judgment/Reconsideration

Under Federal Rule of Civil Procedure 59(e), a plaintiff must satisfy a high standard to have a judgment altered or amended. A motion pursuant to

1

Rule 59(e) is considered the functional equivalent of a motion under Local Civil Rule 7.1 for reconsideration. *Ashton v. AT&T Corp.*, Civ. No. 03-3158, 2006 U.S. Dist. LEXIS 4787, *2 (D.N.J. Feb. 2, 2006). Such a motion may be granted only if (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. *North River Insurance Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). This relief is "an extraordinary remedy" that is to be granted "very sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996).

Local Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the Court before rendering its original decision. *See Bermingham v. Sony Corp. Of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994). In other words, a motion for reconsideration or to alter a judgment is not an appeal. It is improper on such a motion to "ask the court to rethink what it ha[s] already thought through - rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)).

### b. Relief from Judgment or Order

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party . . . from final judgment, order or proceeding" on the grounds of:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done.'" *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). The "party moving under Rule 60(b) for relief from a judgment or order must clearly establish the grounds therefor to the satisfaction of the district court." *Tally v. City of Atlantic City*, Civ. No. 04-1146, 2007 U.S. Dist. LEXIS 49486, *8 (D.N.J. July 10, 2007). Rule 60(b) is a provision for extraordinary relief, which will be granted only upon a showing of exceptional circumstances. *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993).

### III. **DISCUSSION**

#### a. Reconsideration of September 24, 2013 Dismissal

Plaintiffs first ask the Court to reconsider its decision to dismiss Plaintiffs' claim for duress. However, Plaintiffs point to no intervening change in controlling law or previously unavailable evidence to support this request. Instead, Plaintiffs simply rehash and expand on arguments already presented to the Court in their opposition to Defendants' motion to dismiss. Specifically, Plaintiffs focus on Defendants' use of the term "rabid vigilance" in an email response to Plaintiffs' Cease and Desist letter. Judge Cavanaugh addressed this precise issue on page eight of the Prior Opinion. Plaintiffs are improperly asking "the court to rethink what it ha[s] already thought through." *Oritani Sav. & Loan Ass'n*, 744 F. Supp. at 1314.

The other "new evidence" presented is not properly cognizable under Local Rule 7.1. Plaintiffs merely recast facts already considered by Judge Cavanaugh, and do not demonstrate that he overlooked this "new evidence." *See* Docket No. 5 ("Amended Complaint") (totaling 441 pages, including exhibits). Even assuming *arguendo* that this is new evidence, Plaintiff has failed to provide any explanation for why this evidence, which would be solely in Plaintiffs' control, was not previously presented to the Court.

Plaintiffs' "new evidence" is intended to establish the following: that Plaintiff could not afford counsel at the crucial time of the settlement agreement; that the settlement agreement was only partly drafted by Plaintiff Gillon; and that the word "warmly" was merely a part of Plaintiff's automatic signature. These facts, if that is what they are, were not central to Judge Cavanaugh's previous decision. And in any event they were not, in substance,

3

overlooked by Judge Cavanaugh. *See* Prior Opinion at 6, 9. Plaintiffs merely disagree with the manner in which Judge Cavanaugh applied the law to the facts. That is not proper grounds for reopening the Court's prior decision.

Plaintiffs also dispute the Court's determination that the settlement agreement entered into by the parties necessarily implied a mutual release of claims. Again, Plaintiffs point to no new evidence or law to support their contention. Instead, Plaintiffs cite largely irrelevant decisions, the latest of which dates from 1987. These cases do not represent an "intervening change in the controlling law." At best, they bolster an argument already presented to and considered by the Court. Plaintiff's contentions regarding the release of claims was presented to and fully considered by Judge Cavanaugh. Judge Cavanaugh applied the law to the facts and determined that an implied release of claims may be read into the settlement agreement. Prior Opinion at 6–7.

Plaintiffs have likewise failed to demonstrate that "manifest injustice" will occur if the Court's Prior Opinion is not altered. Manifest injustice generally "means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Rose v. Alt. Ins. Works, LLC*, Civ. No. 06-1818m 2007 U.S. Dist. LEXIS 64622 (D.N.J. Aug. 30, 2007). The "fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." *Morton v. Fauver*, No. 97-5127, 2011 U.S. Dist. LEXIS 85805, *3 (D.N.J. July 21, 2011). Plaintiffs, in their current motion, do not demonstrate that the Court overlooked any dispositive fact or principle of law in its Prior Opinion. Plaintiffs' current arguments essentially mimic those previously rejected by the Court.

In sum, the Court finds that Plaintiffs have failed to satisfy the high standard required to succeed on a motion for reconsideration. Plaintiffs have not presented any new factual evidence or legal authority. Nor have they demonstrated that the Court's Prior Opinion results in manifest injustice. Instead, Plaintiffs have repeated and expanded upon the arguments they originally proffered in their opposition to Defendants' motion to dismiss. Judge Cavanaugh already considered these arguments and concluded that dismissal was warranted as a matter of law. Reconsideration is therefore denied.

### b. Fed. R. Civ. P. 60

Plaintiffs' Notice of Motion states that they also seek relief from the Court's Prior Opinion pursuant to Rule 60. The "party moving under Rule 60(b) for relief from a judgment or order must clearly establish the grounds therefor to the satisfaction of the district court." *Tally*, 2007 U.S. Dist. LEXIS 49486, at *8. Plaintiffs' papers, however, fail to identify a specific Rule 60 basis for the motion. Given this failure by Plaintiffs and the reasons presented in the Court's Rule 59(e)/Local Rule 7.1 analysis, the Court denies Plaintiffs' request for relief pursuant to Rule 60, as no "exceptional circumstances" are present. *See Boughner v. Sec'y of Health, Ed. & Welfare, U. S.*, 572 F.2d 976, 977 (3d Cir. 1978) (cautioning that "relief from a judgment under Rule 60 should be granted only in exceptional circumstances").

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to alter or grant relief from a judgment pursuant to Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60 is **DENIED.** An appropriate Order accompanies this Opinion.

_____
**Kevin McNulty**
**United States District Judge**

Date:    May 9, 2014